UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:18-CR-017 |
| | ) |
| TROY DALE SHOLTZ | ) |

**MEMORANDUM AND ORDER**

The defendant has pled guilty to conspiring to commit money laundering. He will be sentenced on November 5, 2019. The United States Probation Office has prepared and disclosed a Presentence Investigation Report ("PSR") [doc. 1232] to which the defendant has filed four objections. [Doc. 1271]. For the reasons that follow, those objections will be overruled.

I.

*Objection One*

At paragraph 53, the PSR assigns one criminal history point for a Driving Under the Influence sentence of five weekends' incarceration which was imposed on November 30, 2006. The defendant objects.

A prior sentence of 13 months' imprisonment or less is included in a defendant's criminal history score if the sentence "was imposed within ten years of the defendant's commencement of the instant offense." U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 4A1.2(e)(2) (2018). In his objection, the defendant concedes that the challenged

conviction falls within that window. [Doc. 1271, p.1]. As such, he has correctly received one criminal history point for that conviction, and his first objection will be overruled.

II.

*Objection Two*

Next, the defendant objects to the last sentence of footnote one of PSR paragraph 32 as "outdated and not necessary to protect the interest of this client, and he requests that it be removed." The Court has considered this objection in light of the present posture of this case. The Court agrees with the probation officer [doc. 1325, PSR Addendum) that the disputed text appears to have been correct when written. Further, the act contemplated in that sentence plainly has taken place. Otherwise, the United States would not have subsequently conceded [doc. 1319, p.2] that the defendant is now Safety Valve-eligible. *See* 18 U.S.C. § 3553(f)(5).

Additionally, the defendant's concern over "protecting [his] interest" is not shared by the Court because the PSR is a sealed document. The defendant's second objection will be overruled.

III.

*Objections Three and Four*

By his final objections, the defendant asks that certain biographical information be added to the PSR. The probation office has incorporated that information into the PSR Addendum. The issue is thus moot.

## IV.

*Conclusion*

For the reasons provided herein, the defendant's first and second PSR objections are **OVERRULED ON THEIR MERITS**, and his third and fourth objections are **OVERRULED AS MOOT**. [Doc. 1271]. Sentencing remains set for November 5, 2019, at 10:00 a.m. in Greeneville.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge